UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA — PLAINTIFF

V. — CIVIL ACTION NO. 3:26-CV-457-CWR-ASH

STEVEN R. ANDERSON, ET AL. — DEFENDANTS

ORDER

Plaintiff Allianz Life Insurance Company of North America filed this interpleader action on June 24, 2026. It filed an Amended Complaint on July 28, 2026. To date, it has obtained a waiver of service or served process on all but three Defendants: Funding Strategy Partners, LLC, Litefund Solutions, LLC, and Family Funding Group, LLC. The record contains unexecuted returned summonses as to the first two, and those unexecuted summonses indicate they were returned unexecuted "because the complaint was amended." Returned Summonses [13, 14] at 2. Allianz now asks the Court to extend the deadline for service of process through November 30, 2026, and for "an order authorizing and approving service of process on Defendants by the United States marshal." Mot. [21] at 3. The motion is granted in part and denied in part.[1]

Starting with the request for an extension, Allianz has shown "good cause" for the inability to meet Federal Rule of Civil Procedure 4(m)'s 90-day deadline for service of process. Allianz shall have until November 30, 2026, to effectuate service of process on the remaining Defendants.

---

[1] Allianz's motion runs afoul of Local Rule 7(b)(4), which provides that "[a]t the time the motion is served, other than motions or applications that may be heard ex parte or those involving necessitous or urgent matters, counsel for movant must file a memorandum brief in support of the motion." The Court nevertheless has considered the arguments contained in the motion.

Turning to the request for service by the marshals, Allianz says service of process may be made by the United States Marshals Service under 28 U.S.C. § 2361. The preceding statement is roughly the extent of Allianz's discussion of the issue; it quotes a portion of this statute with no additional analysis. The statute provides:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found.

The Court is not convinced that Allianz is entitled to service by the marshals under this statute. For starters, it seems to mandate service by the marshals after the district court "enter[s] its order restraining" claimants from engaging in separate litigation regarding the property. *Id.* No such order has been entered in this case. Also, the statute hasn't been amended since 1949, and "th[e] latter element of the [Interpleader] Act has been superseded by the 1983 and 1993 revisions of Rule 4." 4B Wright & Miller's Federal Practice & Procedure § 1118 (4th ed. Apr. 2026); *see* 28 U.S.C. § 2072 (granting Supreme Court "power to prescribe general rules of practice and procedure . . . for cases in the United States district courts" and providing that "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect"); *Aisner v. New York Life Ins.*, 41 F.3d 664, No. 94-40267, 1994 WL 685051, at *1 (5th Cir. 1994) (unpublished) ("To the extent that 28 U.S.C. § 2361 conflicts with the Federal Rules of Civil Procedure, it has been superseded.").

Service by a marshal is now governed by Rule 4(c)(3), which provides:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person

> specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

"The United States Court of Appeals for the Fifth Circuit has not yet addressed how courts should authorize their discretion to order service by the USMS in a fee paid case." *Richard v. Embrace Home Loans, Inc.*, No. 4:25-CV-1159, 2025 WL 4698999, at *1 (E.D. Tex. Oct. 23, 2025) "However, other circuits have found that Rule 4 was amended to relieve the USMS of the burden of serving summonses and complaints in private civil actions." *Id.* (collecting cases). As the advisory committee note to the 1983 amendments to Rule 4 explains, "court orders directing service by marshal should not be issued unless they really are necessary." Amendments to the Federal Rules of Civil Procedure, Advisory Committee Note, 93 F.R.D. 255, 262 (1981).

Allianz has not shown that service on the three remaining Defendants by marshal is necessary.[2] This portion of its motion is, therefore, denied.

**SO ORDERED AND ADJUDGED** this the 25th day of August, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

---

[2] Allianz implies that service by the marshal is necessary. Mot. [21] at 3 (seeking additional time "particularly since service will need to be made through the United States marshal"). The Fifth Circuit rejected a similar argument in *Aisner*, holding that marshal service was not required and that service was proper when done pursuant to Rule 4(e). *Aisner*, 41 F.3d 664, 1994 WL 685051, at *1.